IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT L. APEL,
    Plaintiff,

vs.                                                              3:06cv139/RV/MD

GREG HALL,
    Defendant.

---

**ORDER and**
**REPORT AND RECOMMENDATION**

    This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1). Plaintiff has also filed a motion for leave to proceed *in forma pauperis*, (doc. 5) which shall be granted.

    Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted.  *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

In this case, plaintiff sues Assistant Public Defender Greg Hall.  He claims that attorney Hall committed malpractice, engaged in a criminal conspiracy, entered a plea against plaintiff's will and recused himself from plaintiff's case, violated the Rules of the Florida Bar, and has refused to represent him.  (Doc. 1 at 3).  Under his statement of claims, plaintiff lists "sixth amendment, speedy trial, public trial, impartial jury, assistance of counsel, confrontation of witnesses, ascertaining of jurisdiction."  As relief requested, plaintiff seeks "damages."

To the extent the plaintiff attempts to hold the public defender liable under § 1983, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); *Tapp v. Champagne*, 164 Fed. Appx. 106 (2nd Cir. 2006).  Plaintiff's apparent claim of inadequate representation falls squarely under *Dodson*, and is therefore

barred. A public defender may be found to act under color of state law, however, when engaged in a conspiracy with state officials to deprive his client of his constitutional rights. *Tower v. Glover*, 467 U.S. 914, 920, 104 S.Ct. 2820, 2824, 81 L.Ed. 2d 758 (1984). "When a plaintiff in a section 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (citing *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)); see also *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984); *champagne*, 164 Fed. Appx. 106 at *2 (conclusory allegations insufficient to establish that public defenders were acting "under color of state law) (citing *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2nd Cir. 2002); *Dwares v. City of New York*, 985 F.2d 94, 99 (2nd Cir. 1993)). Plaintiff has presented no facts to support his claim that a conspiracy existed. This is insufficient to state a federal civil rights claim.

Finally, to the extent that he claims constitutional violations associated with the trial or criminal proceedings against him, plaintiff is advised that such a cause of action does not accrue until the underlying conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372-74, 129 L.Ed.2d 383 (1994). There is nothing in the record indicating that this is the case, and hence plaintiff is not entitled to relief.

As plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 5) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 17th day of April, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).